**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| WILLIAM ROBERT HANNA D.D.S., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-1240 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § § § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT,
REQUEST FOR DISCLOSURE and JURY DEMAND**

1. NOW COMES WILLIAM ROBERT HANNA D.D.S., hereinafter referred to as "Plaintiff", and brings this action against UNUM LIFE INSURANCE COMPANY, hereinafter referred to as "Defendant."

2. Plaintiff brings this action to secure all disability benefits, whether they be described as short-term and/or long-term benefits to which Plaintiff is entitled under the disability insurance policies underwritten and administered by Defendant.

3. Defendant has underwritten and administered the policies and has issued denials of the benefits claimed under the policies by the Plaintiff. The policies at issue can be identified as Policy Numbers: 23-08433003; 23-08402375; 23-08402937; 23-08470099; 23-08470792; 23-08470641; 23-084329710 for long term disability.

**I. PARTIES**

4. Plaintiff is a citizen and resident of Tarrant County, Texas.

5. Defendant is a properly organized business entity doing business in the State of Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company, addressed at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II. JURISDICTION AND VENUE

6. This is an action for damages for failure to pay benefits under insurance policies and other related claims over which this court has jurisdiction. Specifically, the Plaintiff is a resident of the State of Texas and Defendant, a foreign corporation, is authorized to do business in the State of Texas.

7. The disability policies at issue in the case were issued in the State of Texas.

## III. THE CLAIM ON THE POLICY

8. Plaintiff has been a covered beneficiary under disability benefits policies issued by Defendant at all times relevant to this action.

9. Plaintiff is a 69-year-old man previously employed as a "Dentist".

10. Dentist is classified under the Dictionary of Occupational Titles as Light with an SVP of 8 and considered to be skilled work.

11. Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on May 9, 2019, as on this date Plaintiff suffered from right rotator cuff tear, osteoarthritis left hand and bilateral knee arthritis.

12. Plaintiff alleges he became disabled on January 07, 2019.

13. Under the terms of Plaintiff's policies, disability cause by a "Sickness" pays for a maximum of 2 years, where disability caused by an "Injury" pays a lifetime benefit.

14. Plaintiff filed for long-term disability benefits under the "Injury" provision through the Plans administered by the Defendant.

15. Defendant paid Plaintiff disability benefits; however, re-classified his disability as a "Sickness" and paid him for the maximum Sickness provision.

16. Defendant denied long-term disability benefits under the "Injury" provision under the Plans pursuant to a letter to Plaintiff dated June 21, 2023.

17. At the time Defendant denied Plaintiff long-term disability benefits, the disability standard in effect pursuant to the Plans was that Plaintiff must be considered unable to perform his "Own Occupation" as a result of an Injury.

18. If granted the Plans would pay $7,900.33 monthly, plus rider on the following: 23-08433003: $3,900.00; 23-088402375: $500.00; 23-08402937: $500.00; 23-08470099: $500.00; 23-08470792: $1,167.00; 23-08470641: $2,937.00; 23-084329710: $10,000.00 with $5,000 rider.

19. Plaintiff pursued his administrative remedies set forth in the Plans by requesting administrative review of the denial of benefits.

20. Plaintiff timely perfected his administrative appeal pursuant to the Plans by sending letter requesting same to the Defendant.

21. Plaintiff submitted additional information including medical records to show that he is totally disabled from the performance of his own and any other occupation as defined by the Plans due to Injury as opposed to Sickness.

22. Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long-term disability premium benefits.

23. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on his ability to engage in work activities, and the origin of his injuries.

24. Plaintiff has now exhausted his administrative remedies.

## IV. MEDICAL FACTS

25. Plaintiff suffers from osteoarthritis in the left hand; and bilateral arthritis in the knees, and a torn rotator cuff of his right shoulder, the result of an accident wherein Plaintiff injured himself during participation in an adult soccer league, tearing his ACL, as well as injuries sustained from laborious work her performed on his home, and a fall down his stairs.

26. For his knees, Plaintiff sought MRI and treatment from his provider who referred him to surgery. Plaintiff declined surgery at the time, opting for conservative treatment.

27. For his hand, Plaintiff sought treatment from his providers who advised him that there was not much that could be done to help his hand.

28. Plaintiff later underwent a total right knee replacement as a result of his injuries and implemented exercises and pain mediations to aid the healing of his hand and shoulder.

29. Treating physicians document his conditions gradually developed into degenerative arthritis, resulting in ongoing limitations and the continued pain that requires ongoing pain management.

30. Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed his ability to engage in exertional activity relating to his occupation as a "Dentist ".

31. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

32. Plaintiff's treating physicians document these symptoms.  Plaintiff does not assert that he suffers from said symptoms based solely on his own subjective allegations.

33. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address his multiple symptoms.

34. However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

35. Plaintiff's documented pain is so severe that it impairs his ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full-time basis, meaning an 8-hour day, day after day, week after week, month after month.

36. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

37. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

38.     Defendant does not dispute that Plaintiff is disabled, rather Defendant has recharacterized Plaintiff's injury as a "Sickness" in an effort to curtail continued benefit payment under his multiple policies.

39.     As such, Plaintiff has been and remains disabled per the terms of the Policies as a result of an "Injury" and has sought disability benefits pursuant to said Policies.

40.     However, after exhausting his administrative remedies, Defendant persists in denying Plaintiff his rightfully owed disability benefits under the "Injury" provision.

## V. DEFENDANT'S UNFAIR CLAIMS HANDLING PRACTICES

41.     Defendant's paid consultant, Benefits Center, a family medicine reviewer, performed a peer review of Plaintiff's claim file.

42.     This reviewer determined that Plaintiff's conditions were disabling him from the practice of dentistry; however related that his diagnosis was from the progression of a "sickness" as opposed to an "injury" as described by Plaintiff.

43.     This doctor's report is misleading, biased and result-driven in that he failed to review all relevant medical records, the report ignores or is contrary to controlling medical authority and medical articles supplied and relied on by Plaintiff's own provider. The reviewing doctor's report fails to specify the medical standard upon which it relies. The report is based on faulty or incorrect information.

44.     Further, this doctor failed to consider all the Plaintiff's injuries. The report is conclusory and results-driven, as demonstrated by the fact that the report cherry-picks the information by overemphasizing information that supports the Defendant's position

and de-emphasizing information that supports disability from Injury and the report does not consider the standard of disability specified in the Policy.

45. Subsequently Defendant's paid consultant, a physician specializing in Orthopedic surgery, performed a peer review of Plaintiff's claim file.

46. Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on a biased report from this second reviewing physician.

47. Defendant in bad faith relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

48. Defendant has failed to consider Plaintiff's credible statement relating to the origin of his conditions.

49. Defendant has selectively reviewed Plaintiff's medical records and has cherry-picked only the excerpts from the medical records that support its pre-determined conclusion that Plaintiff is not disabled from injuries previously sustained.

50. Defendant has failed to apply proper definition of disability.

51. Defendant has failed to consider the side-effects of Plaintiff's medications.

52. Defendant's consultants completed their reports without examining Plaintiff.

53. Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long-term disability benefits.

54. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented medical journals describing the origin of Plaintiff's medical conditions.

55. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

56. Defendant's determination was influenced by its conflict of interest.

57. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

58. The long-term disability Plan gave Defendant the right to have Plaintiff to submit to a physical examination at the appeal level.

59. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

60. More information promotes accurate claims assessment.

61. Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

62. Defendant's conduct as a whole has failed to furnish a full and fair review of Plaintiff's claim.

## VI. FIRST CAUSE OF ACTION:

### Breach of Contract

63. Plaintiff repeats and re-alleges paragraphs 1 through 62 of this Complaint as if set forth herein.

64. Plaintiff paid all premiums due and fulfilled all other conditions of the Plans.

65. Under the terms of the Plans, Defendant is obligated to pay Plaintiff benefits, in full and without reservation of rights, during the period of time that Plaintiff is suffering totally disabled, as those words are defined in the Plans.

66. In breach of its obligations under the aforementioned Plans, Defendant has failed to pay Plaintiff benefits in full and without any reservations of rights during the period of time that Plaintiff is suffering "totally disabled," due to "injury," as those words are defined in the Plans.

67. Defendant stopped paying benefits to Plaintiff under the Plans, despite the fact that Plaintiff was totally disabled, in that he cannot perform the material duties of his own occupation due to injuries he sustained and reported to Defendant..

68. Defendant breached the Plans when it stopped paying benefits to Plaintiff, despite the fact that Plaintiff was suffering totally disability, as that phrase is defined in the Plans. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

69. Plaintiff has complied with all Policies provisions and conditions precedent to qualify for benefits prior to filing suit.

70. As a result of Defendant's breach, Plaintiff suffered financial hardship.

71. By reason of the foregoing, Defendant is liable to Plaintiff for damages.

## VII. SECOND CAUSE OF ACTION:

### Violation of Texas Insurance Code and DTPA

72. Plaintiff realleges and incorporates each allegation contained in Paragraphs 1 through 71 of this Complaint as if fully set forth herein.

73. Due to the aforementioned acts and omissions, Defendant has violated the Texas Deceptive Trade Practices Act sections and articles in the following ways:

    (a) Insurance Code Article § 541.051 by misrepresenting the terms or benefits and advantages of The Policies;

(b) Insurance Code Article § 541.052 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policies;

(c) Insurance Code Article § 541.060 by engaging in unfair settlement practices by (1) misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear; (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the Policies, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim; (4) failing within a reasonable time to affirm or deny coverage of Plaintiff's claim; and (5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

(d) Insurance Code Article § 541.061 by misrepresenting the Policies by (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose other matters required by law to be disclosed.

(e) Business and Commerce Code § 17.46(b)(5) by representing that services had characteristics, uses and benefits that they did not have;

(f) Business and Commerce Code § 17.46(b)(12) by representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve; and

(g) Business and Commerce Code § 17.46(b)(24) by failing to disclose information concerning services which was known at the time of the transaction where the failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed.

(h) Plaintiff is totally disabled, in that he cannot perform the material duties of his own occupation as a result of injuries he sustained;

(i) Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled due to injury;

(j) Defendant's interpretation of the definition of disability contained in the Policies is contrary to the plain language of the Policies, as it is unreasonable, arbitrary, and capricious;

(k) Defendant failed to furnish Plaintiff a Full and Fair Review;

(l) Defendant failed to specify information necessary to perfect Plaintiff's appeal;

11

(m) Defendant has denied Plaintiff based on a selective and incomplete review of the records;

(n) Defendant failed to credit Plaintiff's treating doctor's opinion;

(o) Defendant has wrongfully terminated Plaintiff's long-term disability benefits without due consideration of the evidence;

(p) Defendant's request for objective evidence was improper;

(q) Defendant failed to credit Plaintiff's credible complaints of pain and fatigue;

(r) Defendant failed to consider the side effects of Plaintiff's medications;

(s) Defendant has wrongfully relied on "the medical consultant's" opinions as substantial evidence;

(t) Defendant has wrongfully relied on a reviewing doctor's opinion who failed to consider Plaintiff's occupation and/or vocational abilities;

(u) Defendant failed to give Plaintiff an opportunity to respond to new evidence;

(v) Defendant's objective is to terminate Plaintiff's claim which is contrary to its duty as a fiduciary to act in good faith;

(w) Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

(x) Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

74. Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §2(c)).

## VIII. THIRD CAUSE OF ACTION:

### Breach of Covenant of Good Faith and Fair Dealing

75. Plaintiff repeats and realleges paragraphs 1 through 77 of this Complaint as if set forth herein.

76. By selling the insurance policy to Plaintiff and by collecting substantial premiums therefore Defendant assumed a duty of good faith and fair dealing toward Plaintiff.

77. The Plan contains an implied promise that it would deal fairly and in good faith with Plaintiff and would do nothing to injury, frustrate, or interfere with Plaintiff's rights to receive benefits under the Plan.

78. Defendant breached its duty of good faith and fair dealing toward Plaintiff in one or more of the following ways:

　　(a) By failing to pay benefits to Plaintiff when Defendant knew or reasonably should have known that Plaintiff was entitled to such benefits;

　　(b) By interpreting ambiguous Plan provisions against Plaintiff and in favor of its own financial interests;

　　(c) By interpreting the factual circumstances of Plaintiff's disability condition against Plaintiff and in favor of its own financial interests;

  (d) By failing to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled, including several determinations by Plaintiff's treating physician;

  (e) By misrepresenting Plans coverage, conditions, exclusions, and other provisions;

  (f) By interpreting the definition of disability contained in the Plans contrary to the plain language of the Policy and in an unreasonable, arbitrary, and capricious manner;

  (g) By failing to provide a reasonable explanation of the basis for the denial of disability benefits to Plaintiff; and

  (h) By compelling Plaintiff to initiate this action to obtain the benefits to which Plaintiff was entitled under the Plans.

79. By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Plaintiff suffered financial hardship, substantial emotional distress, mental anguish, and pain and suffering which exacerbated her depression and anxiety.

80. The actions of Defendant amount to egregious tortuous conduct directed at Plaintiff, a consumer of insurance.

81. Defendant's actions directed at Plaintiff are part of a similar conduct directed at the public generally.

82. Defendant's actions were and are materially misleading and have caused injury to Plaintiff.

83. Defendant carelessly relied on its own flawed review of the records instead of in person medical examinations to decide to discontinue paying benefits.

84. By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Defendant is liable to Plaintiff for compensatory damages and, for its egregious tortuous conduct, punitive damages, and attorneys' fees, costs, and disbursements incurred in connection with this action.

## IX. FOURTH CAUSE OF ACTION

### Fraud

85. Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86. Defendant acted fraudulently as to each representation made to Plaintiff concerning material facts for the reason it would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be acted upon by Plaintiff, who relied on those representations, thereby causing injury and damage to Plaintiff.

## X. FIFTH CAUSE OF ACTION

### Prompt Payment of Claim

87. Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 86 of this Complaint as if fully set forth herein.

88. Defendant failed to timely request from Plaintiff any additional items, statements or forms that Defendant reasonably believed to be required from Plaintiff, in violation of Texas Insurance Code section 542.055 (a)(2)-(3).

89. Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements,

and forms required by Defendant in violation of Texas Insurance Code section 542.056(a).

90. Defendant delayed payment of Plaintiff's claim in violation of Texas Insurance Code section 542.058(a).

## XI. SIXTH CAUSE OF ACTION

### Statutory Interest

91. Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 90 of this Complaint as if fully set forth herein.

92. Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code section 542.060.

## XII. CAUSATION

93. The conduct described in this Complaint was a producing and proximate cause of damages to Plaintiff.

## XIII. DECLARATORY RELIEF

94. Pleading further, Plaintiff would show he is entitled to declaratory relief pursuant to Section 37 of the Texas Civil Practices and Remedies Code. Specifically, Plaintiff would show that he is entitled to declaratory relief due to Defendant's breach of its contractual obligation under the terms of The Policies. TEX. CIV. PRACT. & REM. CODE § 37.001.

95. The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for long-term disability benefits to Defendant. The evidence will show that

Defendant denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's condition does not meet the Policies' definition of "disabled".

96. The conduct of Defendant as described above creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant. Therefore, Plaintiff requests the Court exercise its power afforded under §37.001 et seq. of the Texas Civil Practices and Remedies Code and declare the specific rights and statuses of the parties herein. Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that he is disabled as that term is both commonly understood and as defined by the insurance contracts made the basis of this suit.

## XIV. ATTORNEYS FEES

97. Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees as are equitable and just under §37.009 of the Texas Civil Practices and Remedies Code, §38.001 of the Texas Civil Practices and Remedies Code, and Section 542 of the Texas Insurance Code.

## XV. REQUEST FOR DISCLOSURE

98. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XVI. JURY DEMAND

99. In accordance with Federal Rule of Civil Procedure, Plaintiff requests a trial by jury of all issues raised in this civil action that are triable by right (or choice) by a jury.

## XVII. KNOWLEDGE

100. Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## XVIII. RESULTING LEGAL DAMAGES

101. Plaintiff is entitled to the actual damages resulting from Defendant's violations of the law. These damages include the consequential damages to his economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

102. As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimal jurisdictional limits of this Court.

103. Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

104. Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

105. Plaintiff is entitled to statutory interest on the amount of his claim at the rate of 18% per year as damages under Texas Insurance Code section 542.060(a).

106. Plaintiff is also entitled to the recovery of attorneys' fees pursuant to Texas Civil Practices and Remedies Code section 38.001, Texas Insurance Code section 542.060(a)(b), Texas Business & Commerce Code section 17.50, and Texas Civil Practices and Remedies Code section 37.009.

## XIX. PRAYER

107. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court GRANT Plaintiff declaratory and injunctive relief, finding that he is entitled to all past due long-term disability benefits yet unpaid under the terms of the Plans, and that Defendant be ordered to pay all future long-term disability benefits according to the terms of the Plans until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plans.

108. Enter an order awarding Plaintiff all reasonable actual and punitive damages, pre- and post-judgment interest as allowed by law, attorneys' fees, costs of suit and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and:

109. Enter an award for such other relief as may be just and appropriate.

Dated: December 13, 2023

       Respectfully submitted,

       MARC WHITEHEAD & ASSOCIATES,
       ATTORNEYS AT LAW, L.L.P.

       By:   /s/ *Britney McDonald*
            Britney Anne Heath McDonald
               Tex. Bar. No. 24083158
               Fed. I.D. Bar No. 2621983
               britney@marcwhitehead.com
       403 Heights Boulevard
       Houston, Texas 77007
       Telephone: 713-228-8888
       Facsimile: 713-225-0940
       ATTORNEY-IN-CHARGE
       FOR PLAINTIFF,
       WILLIAM ROBERT HANNA, D.D.S.